UNITED SETATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
ROBERT G. LEAHY,              )
            Plaintiff         )
                              )
v.                            )    Civil No.
                              )
                              )
PAUL J. COLEMAN, d/b/a        )
LAW OFFICE OF PAUL J. COLEMAN )
            Defendant         )
_____
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Robert G. Leahy seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Massachusetts Consumer Protection Act, G.L. c. 93A, as a result of defendant's unlawful conduct in attempting to collect an alleged consumer debt.

### Parties

1. Plaintiff Robert G. Leahy is an individual who at all relevant times has resided in Ashburnham, Worcester County, Massachusetts.

2. Defendant Paul J. Coleman is a Massachusetts attorney doing business under the name "Law Office of Paul J. Coleman" in Beverly, Massachusetts.

3. Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

### Jurisdiction and Venue

4. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28

U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Partial Statement of Facts

6.  On March 4, 2009, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the acts and practices alleged herein to violate G.L. c. 93A, section 2, and the injuries suffered as a result.

7.  Defendant received plaintiff's demand for relief, but did not make a reasonable written tender of settlement within 30 days of receipt.

9.  Defendant's failure to make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand was in bad faith with knowledge or reason to know that his conduct violated G.L. c. 93A, section 2.

## COUNT I

10.  On August 25, 2008, an employee of defendant a telephone message for plaintiff regarding an alleged consumer debt, but did not himself, did not identify defendant, and did not indicate he was attempting to collect a debt or that information obtained would be used for that purpose.  11.  Said conduct violated sections 1692d(6) and 1692e(11) of the FDCPA.

WHEREFORE, plaintiff prays for a judgment of statutory damages, costs, and attorney's fees.

## COUNT II

12.  The allegations of paragraphs 1 – 12 are incorporated herein as if fully set forth.

13. Defendant's conduct as set forth in count I, above, was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

14. As a result of defendant's unlawful conduct, plaintiff was injured within the meaning of G.L. c. 93A, section 9.

WHEREFORE, plaintiff prays for an award of statutory damages, costs, and attorney's fees.

## COUNT III

15. On or about August 26, 2008, an employee of defendant left a telephone message for plaintiff. The caller did not indicate she was a debt collector, thus violating section 1692e(11) of the FDCPA,

WHEREFORE, plaintiff prays for a judgment of statutory damages, costs, and attorney's fees.

## COUNT IV

16. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

17. Defendant's conduct described in count III, above, was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

18. As a result of defendant's unlawful conduct, plaintiff was injured within the meaning of G.L. c. 93A, section 9.

WHEREFORE, plaintiff prays for an award of statutory damages, costs, and attorney's fees.

## COUNT V

19. Defendant sent plaintiff a letter dated August 27, 2008 in connection with the attempted collection of a consumer debt allegedly owed to the Lockheed Federal Credit

Union.  The first paragraph of this letter stated that the account had been referred to defendant "for immediate collection" and demanded that plaintiff "mail the full balance to avoid any further action." This language overshadowed and contradicted the required notice in the second paragraph giving plaintiff 30 days from receipt of the letter to dispute same and request verification, thus violating section 1692g(a) of the FDCPA.

   WHEREFORE, plaintiff prays for a judgment of statutory damages, costs, and attorney's fees.

## COUNT VI

20.  The allegations of paragraphs 1 – 19 are incorporated herein as if fully set forth.

21.  Defendant's conduct as described in count V, above, was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

22.  As a result of defendant's unlawful conduct, plaintiff was injured within the meaning of G.L. c. 93A, section 9.

   WHEREFORE, plaintiff prays for an award of statutory damages, costs, and attorney's fees.

## COUNT VII

23.  An employee of defendant identifying herself as "Juliana" left telephone messages for plaintiff on August 29, September 2, September 4, September 9, September 11, and September 12, 2008.  In none of these messages did the caller identify defendant or that she was a debt collector, thus violating sections 1692d(6) and 1692e(11) of the FDCPA.

   WHEREFORE, plaintiff prays for a judgment of statutory damages, costs, and attorney's fees.

## COUNT VIII

24. The allegations of paragraphs 1 – 23 are incorporated herein as if fully set forth.

25. Defendant's conduct described in count VII, above, was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

26. As a result of defendant's unlawful conduct, plaintiff was injured within the meaning of G.L. c. 93A, section 9.

　　　　WHEREFORE, plaintiff prays for an award of statutory damages, costs, and attorney's fees.

## COUNT IX

27. An employee of defendant identifying himself as "Mark Smith" left telephone messages for plaintiff on August 29, September 6, September 9, September 11, (twice), September 12 (twice), September 19, September 26, September 27, October 1, and October 4 (twice), October 7, October 9, October 20 (twice), and October 28, 2008.  In none of these calls did the caller identify defendant or that he was a debt collector, thus violating sections 1692d(6) and 1692e(11) of the FDCPA.

　　　　WHEREFORE, plaintiff prays for a judgment of statutory damages, costs, and attorney's fees.

## COUNT X

28. The allegations of paragraphs 1 – 27 are incorporated herein as if fully set forth.

29. Defendant's conduct as aforesaid was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

30. As a result of defendant's unlawful conduct, plaintiff was injured within the meaning of G.L. c. 93A, section 9.

WHEREFORE, plaintiff prays for an award of statutory damages, costs, and attorney's fees.

## COUNT XI

31. An employee of defendant identifying himself as "Mr. Batista" left a telephone message for plaintiff on September 16, 2008. The caller did not identify defendant or indicate he was a debt collector, thus violating sections 1692d(6) and 1692e(11) of the FDCPA.

WHEREFORE, plaintiff prays for a judgment of statutory damages, costs, and attorney's fees.

## COUNT XII

32. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

33. Defendant's conduct as set forth in count XII above was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

34. As a result of defendant's unlawful conduct, plaintiff was injured within the meaning of G.L. c. 93A, section 9.

WHEREFORE, plaintiff prays for an award of statutory damages, costs, and attorney's fees.

## COUNT XIII

35. An employee of defendant identifying herself as "Crystal" left a telephone message for defendant on September 17, 2008. The caller did not indicate she was a debt collector, thus violating section 1692e(11) of the FDCPA, hence G.L. c. 93A.

WHEREFORE, plaintiff prays for a judgment of statutory damages, costs, and attorney's fees.

## COUNT XIV

36. The allegations of paragraphs 1 – 35 are incorporated herein as if fully set forth.

37. Defendant's conduct as set forth in count XIII, above, was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

38. As a result of defendant's unlawful conduct, plaintiff was injured within the meaning of G.L. c. 93A, section 9.

WHEREFORE, plaintiff prays for an award of statutory damages, costs, and attorney's fees.

## COUNT XV

39. An employee of defendant called left a telephone message for plaintiff on September 19, 2008.  The caller did not disclose his/her name, identify defendant, or indicate he/she was a debt collector, thus violating sections 1692d(6) and 1692e(11) of the FDCPA.

WHEREFORE, plaintiff prays for a judgment of statutory damages, costs, and attorney's fees.

## COUNT XVI

40. The allegations of paragraphs 1 – 39 are incorporated herein as if fully set forth.

41. Defendant's conduct as aforesaid was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

42. As a result of defendant's unlawful conduct, plaintiff was injured within the meaning of G.L. c. 93A, section 9.

WHEREFORE, plaintiff prays for an award of statutory damages, costs, and attorney's fees.

## COUNT XVII

43. An employee of defendant identifying himself as "Michael" left a telephone message for plaintiff on September 22, 2008. The caller did not indicate he was a debt collector, thus violating section 1692e(11) of the FDCPA.

 WHEREFORE, plaintiff prays for a judgment of statutory damages, costs, and attorney's fees.

## COUNT XVIII

44. The allegations of paragraphs 1 – 43 are incorporated herein as if fully set forth.

45. Defendant's conduct as aforesaid was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

46. As a result of defendant's unlawful conduct, plaintiff was injured within the meaning of G.L. c. 93A, section 9.

 WHEREFORE, plaintiff prays for an award of statutory damages, costs, and attorney's fees.

## COUNT XIX

47. An employee of defendant identifying himself as "Michael Batista" left a telephone message for plaintiff on October 3, 2008. The caller did not indicate he was a debt collector, thus violating section 1692e(11) of the FDCPA.

 WHEREFORE, plaintiff prays for a judgment of statutory damages, costs, and attorney's fees.

## COUNT XX

48. The allegations of paragraphs 1 – 47 are incorporated herein as if fully set forth.

48. Defendant's conduct as aforesaid was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

49. As a result of defendant's unlawful conduct, plaintiff was injured within the meaning of G.L. c. 93A, section 9.

WHEREFORE, plaintiff prays for an award of statutory damages, costs, and attorney's fees.

### COUNT XXI

50. The allegations of paragraphs 1 – 49 are incorporated herein as if fully set forth.

51. The frequency of the defendant's calls constituted harassment in violation of section 1692d(5) of the FDCPA.

52. As a result of defendant's unlawful conduct, plaintiff suffered emotional distress and mental anguish.

WHEREFORE, plaintiff prays for a judgment of actual damages, statutory damages, costs, and attorney's fees.

### COUNT XXII

53. The allegations of paragraphs 1 – 52 are incorporated herein as if fully set forth.

54. Defendant's conduct as set forth in count XXI, above, violated G.L. c. 93, §49, was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

55. As a result of defendant's unlawful conduct, plaintiff suffered emotional distress and mental anguish.

WHEREFORE, plaintiff prays for an award of actual damages or statutory damages, whichever is greater, that actual damages be doubled or trebled, and for interest, costs, and attorney's fees.

## COUNT XXIII

56. On September 26, 2008, plaintiff sent defendant via certified mail, return receipt requested, a written request disputing the alleged debt and requesting validation of the alleged debt, which defendant received on September 29, 2008. No validation of the debt was forthcoming. Accordingly, all of the above communications which occurred after September 29, 2008, violated section 1692g(b) of the FDCPA.

57. As a result of defendant's unlawful conduct, plaintiff suffered emotional distress and mental anguish.

WHEREFORE, plaintiff prays for a judgment of actual and statutory damages, costs, and attorney's fees.

## COUNT XXIV

58. The allegations of paragraphs 1 – 57 are incorporated herein as if fully set forth.

59. Defendant's conduct as set forth in count XXIII, above, was unfair and/or deceptive in violation of G.L. c. 93A, section 2, and was willful and/or knowing in nature.

60. As a result of defendant's unlawful conduct, plaintiff suffered emotional distress and mental anguish.

WHEREFORE, plaintiff prays for an award of actual damages or statutory damages, whichever is greater; that actual damages be doubled or trebled, and for interest, costs, and attorney's fees.

**Plaintiff claims trial by jury.**

ROBERT G. LEAHY
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
ken@quatlaw.com